UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FOURGENTS INVESTMENT GROUP LLC, d/b/a LA FAMILIA SPORTS PUB AND LOUNGE (LA FAMILIA), JOHN HART, FRANK GITTENS, BRIAN BARRON, STACY FRAZIER, JOHN DOES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

## I.   NATURE OF THE CASE

1.   Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon") seeks a judicial determination of non-coverage under Policy Number CP 2645918 ('the Policy") for the claims asserted against Four Gents Investment Group LLC d/b/a La Familia Sports Pub & Lounge ("Four Gents") and others who may qualify as "insureds" under the Policy, arising from a September 26, 2021 shooting incident in the parking lot near the insureds' premises in Des Moines, King County, Washington. To date, two wrongful death civil actions arising from the shooting incident have been filed against the insureds in the Superior Court for the State of Washington, County of King. Mount Vernon is defending the insureds in both of these civil actions, pending this requested coverage determination.

COMPLAINT FOR DECLARATORY RELIEF – 1

USL003-0059 7836174

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## II. PARTIES

2. Mount Vernon is an insurance company incorporated in the State of Nebraska with its principal place of business in Wayne, Pennsylvania, authorized to do business in the State of Washington, and has done all things necessary to maintain this action.

3. Mount Vernon issued Policy Number CP 2645918 to Four Gents for the period of May 13, 2021 to May 13, 2022, with a policy limit of $1,000,000. A copy of the Policy is attached hereto as Attachment A and is incorporated herein by reference. Mount Vernon is providing defense counsel to represent the insureds in the civil actions pending in King County, Washington ("Underlying Actions").

4. Defendant Four Gents Investment Group LLC d/b/a/ La Familia Sports Pub & Lounge ("La Familia") is a Washington Limited Liability Company; is a defendant in the Underlying Actions, and is alleged therein to be the operator of La Familia doing business at 22855 Pacific Highway South in Des Moines, Washington.

5. Defendant Brian Barron is a defendant in each of the two pending Underlying Actions and is alleged therein to be a "governor" of La Familia at the time of the September 26, 2021 shooting incident in Des Moines, King County, Washington.

6. Defendant Stacy Frazier is a defendant in each of the Underlying Actions and is alleged therein to be a "governor" of La Familia at the time of the September 26, 2021 shooting incident in Des Moines, King County, Washington.

7. Defendant John Hart is a defendant in each of the Underlying Actions and is alleged therein to be a current "governor" of La Familia and a governor at the time of the September 26, 2021 shooting incident in Des Moines, King County, Washington.

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

8. Defendant Frank Gittens is a defendant in each of the Underlying Actions and is alleged therein to be a current "governor" of La Familia and a governor at the time of the September 26, 2021 shooting incident in Des Moines, King County, Washington.

## III. JURISDICTION AND VENUE

9. Mount Vernon is an insurance company incorporated in the State of Nebraska with its principal place of business in Wayne, Pennsylvania, authorized to do business in the State of Washington.

10. Defendant Four Gents Investment Group LLC d/b/a/ La Familia Sports Pub & Lounge is a Washington Limited Liability Company; is a defendant in each of the pending Underlying Actions, and is alleged therein to be an operator of La Familia Pub & Grill ("La Familia") doing business at 22855 Pacific Highway South in Des Moines, Washington.

11. The September 26, 2021 shooting incident took place in Des Moines, Washington, wherein six people were shot and injured, three of them suffering fatal injuries. The estates and families of three victims are now plaintiffs in two Underlying Actions filed in King County, Washington.

12. Upon information and belief, Defendants Brian Barron, Stacy Frazier, Frank Gittens and John Hart were "governors" of and managed the La Familia business in Des Moines, Washington and resided within the State of Washington at the time of the shooting incident. On information and belief all are still Washington residents.

13. The "Taylor Action" was the first Underlying Action filed in the Superior Court for the State of Washington County of King under Case No. 24-2-20977-8 KNT on September 16, 2024.

COMPLAINT FOR DECLARATORY RELIEF – 3

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

14. The "Dubose Action" was the second Underlying Action filed in the Superior Court for the State of Washington County of King under Case No. 24-2-21788-6 KNT on September 24, 2024.

15. The Policy issued by Mount Vernon was delivered to Four Gents in Des Moines, WA, which conducted business in Des Moines, Washington.

16. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and every Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

17. Jurisdiction to obtain declaratory judgment exists pursuant to the Federal Rules of Civil Procedure, Rule 57, and 28 U.S.C. § 2201, as a true justiciable controversy exists in that Mount Vernon issued a Policy of insurance to La Familia; La Familia has a contractual interest in the Policy; and there is a dispute regarding coverage under the Policy.

18. The Court has jurisdiction over all Defendants named herein because each entered into an insurance contract to be performed in Des Moines, Washington and within this judicial District, and each seeks coverage for potential liabilities that arise within this District.

19. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) insofar as a substantial part of the events that are the subject and nexus of the matters at issue herein are located and/or took place in the State of Washington and within this District; the rights at issue in this lawsuit are located in the State of Washington and within this District; insurance contracts at issue in this lawsuit were entered into and to be performed in the State of Washington and within this District; and each Defendant is subject to the Court's personal jurisdiction with respect to this action.

COMPLAINT FOR DECLARATORY RELIEF – 4

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

## IV.   BACKGROUND FACTS

20. In this action, Mount Vernon seeks a judicial determination of non-coverage under Policy Number CP 2645918 ('the Policy") for claims asserted against Four Gents and all others who may qualify as "insureds" under the Policy, arising from a shooting incident in a parking lot near the insureds' premises in Des Moines, King County, Washington on September 26, 2021.

21. To date, two underlying wrongful death civil actions have been filed in the Superior Court of the State of Washington for King County, arising from the shooting incident. The "Taylor Action" was the first Underlying Action filed in the Superior Court of the State of Washington for King County under Case No. 24-2-20977-8 KNT on September 16, 2024. The "Dubose Action" was the second Underlying Action filed in the Superior Court of the State of Washington for King County under Case No. 24-2-21788-6 KNT on September 24, 2024.

22. Mount Vernon is currently defending the insureds in both Underlying Actions pending the outcome of this requested coverage determination.

23. It is alleged in the Underlying lawsuits that in the early morning hours of September 26, 2021, after La Familia had closed for business, a crowd of people were located in the adjacent parking lot when a fight ensued. The fight broke up, and the crowd shifted to other parts of the parking lot. At the edge of the parking lot near an empty carpool lane of Pacific Highway South, a person named Joshua Puloka was pushed to ground, pulled out a gun, and fired multiple shots toward the crowd. Six people were shot. Three of them were tragically killed.

24. Joshua Puloka was charged and convicted in criminal proceedings, including one count of first degree murder, two counts of second degree murder, and two counts of first degree assault.

COMPLAINT FOR DECLARATORY RELIEF – 5

USL003-0059 7836174

CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

25.     The Policy incorporates the following Absolute Firearms Exclusion, which applies to both the Commercial General Liability ("CGL") and Liquor Liability coverage parts of the Policy, and states in relevant part:

> The policy does not insure against loss or expense, including cost of defense, for any "occurrence", claim or "suit" for "bodily injury", "property damage", "personal and advertising injury" or medical payments arising or resulting from directly, or indirectly, the use of firearms of any kind.
>
> This exclusion applies to any "occurrence", claim or "suit" regardless of whether the use of firearms is a direct cause, a contributing cause or a concurrent cause of any loss.

26.     The Absolute Firearms Exclusion plainly states that the CGL coverage part does not apply to or provide coverage for loss or expense, including the cost of defense, for any "occurrence," claim or "suit" for "bodily injury" or medical payments that arises or results from the use of firearm.

27.     In both the Taylor and Dubose Actions, the plaintiffs therein plainly allege the bodily injuries were sustained as the result of the use of firearms.

28.     In *Capitol Specialty Insurance Corporation v. JBC Entertainment Holdings,* 172 Wn. App. 328, 289 P.3d 735 (2012), the Court of Appeals (Division I) considered and applied a Firearms Exclusion functionally identical to that found in the Policy under operative facts and circumstances functionally identical to the operative facts and circumstance here.

29.     The Policy also provides certain Commercial General Liability Coverage and Liquor Liability Coverage to the insureds, subject to the following Assault or Battery Exclusion:

> *This insurance does not apply to:*
>
> *Any claim, demand or "suit" based upon any actual or alleged "assault" or "battery", or out of any act or omission in connection with the prevention or suppression of any "assault" or "battery", including the use of reasonable force to protect persons or property, whether*

COMPLAINT FOR DECLARATORY RELIEF – 6

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

*caused by or at the instigation or direction of an insured, its "employees", agents, officers or directors, patrons or any other person. Further, no coverage is provided for any claim, demand or "suit" in which the underlying operative facts constitute "assault" or "battery".*

*This exclusion applies to all "bodily injury", "property damage" or "personal or advertising injury" sustained by any person, including emotional distress and mental anguish, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving "assault" or "battery" whether alleged, threatened or actual including but not limited to "assault" or "battery" arising out of or caused in whole or in part by negligence or other wrongdoing with respect to:*

*a. hiring, placement, employment, training, supervision or retention of a person for whom any insured is or ever was legally responsible; or*

*b. Investigation or reporting any "assault" or "battery" to the proper authorities, or*

*c. The failure to so report or the failure to protect any person while that person was in the care, custody or control of the insured, its "employees", agents, officers or directors, or*

*d. Any acts or omissions of any insured, its "employees", agents, officers, directors, patrons or other persons resulting from any "assault" or "battery" and occurring subsequent in time thereto which caused or are alleged to have caused, directly or indirectly, any "bodily injury", "property damage", or "personal and advertising injury" to any person.*

*This exclusion supersedes any provision in the attached policy that provides coverage for "bodily injury" arising out of, directly or indirectly resulting from, in consequence of, or in any way involving*

*the use of reasonable force to protect person(s) or property.*

*"Assault" means the threat of, or use of force on another that causes that person to have apprehension of imminent harmful or offensive conduct, whether or not the threat or use of force is alleged to be negligent, intentional or criminal in nature.*

*"Battery" means negligent or intentional physical contact with another without consent that results in physical or emotional injury.*

30.     The Commercial General Liability Coverage also incorporates an Absolute Exclusion for Liquor and Other Related Liability that precludes coverage as follows:

COMPLAINT FOR DECLARATORY RELIEF – 7

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

*This insurance does not apply to:*

***

**c. Liquor Liability**

*Loss or expense, including but not limited to the cost of defense, arising from or resulting, directly or indirectly, from:*

> **(1)** *The causing or contributing to the intoxication of any person;*
>
> **(2)** *The furnishing of alcoholic beverages to a person under the legal drinking age;*
>
> **(3)** *The furnishing of alcoholic beverages to a person who is under the influence of alcohol;*
>
> **(4)** *Violation of any statute, ordinance or regulation relating to the sale, gift, distribution, furnishing or use of alcoholic beverages; or*
>
> **(5)** *The failure of any insured to prevent "bodily injury", "property damage" or "personal and advertising injury" to any person, including but not limited to an alleged intoxicated person, caused or alleged to be caused by the intoxication of any person(s) whether or not concurrent with other actual or alleged causes or whether or not any insured(s) furnished or served alcoholic beverage to such intoxicated person(s).*

*This exclusion applies to all injury sustained by any person, including mental anguish or emotional distress, whether alleged, threatened or actual including but not limited to your negligence or other wrongdoing with respect to:*

> **(1)** *Hiring, placement, employment, training, supervision, control or retention of a person for whom any insured is or ever was legally responsible; or*
>
> **(2)** *Investigation or reporting to the proper authorities, or failure to so report; or*
>
> **(3)** *The failure to protect any person while that person was in the insured's care, custody or control, including but not limited to providing or failing to provide transportation with respect to any person that may be under the influence of alcohol.*

COMPLAINT FOR DECLARATORY RELIEF – 8

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

31. Both the Dubose and Taylor Actions allege use of a firearm and injury by gunshot wounds, which allegations also separately trigger the Assault or Battery Exclusion referenced above.

## V. DECLARATORY RELIEF

32. As set forth in the Policy, the Absolute Firearms Exclusion and Assault or Battery Exclusion, each of which apply to all liability coverages afforded under the Policy, separately apply to preclude coverage for the claims advanced against the insureds in both the Dubose and Taylor Actions.

33. In addition, as set forth in the Policy, the Liquor Liability Exclusion applies to the Commercial General Liability coverage under the Policy.

34. Pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202 – based on the exclusions discussed above, Mount Vernon is entitled to a judicial determination that Mount Vernon has no duty to defend and no duty to indemnify the insureds for the claims arising from the September 26, 2021 shooting incident.

## VI. REQUEST FOR RELIEF

Wherefore, Plaintiff Mount Vernon requests the Court to:

1. Discharge Mount Vernon from any further obligation to defend or indemnify the insureds with respect to the claims arising from the September 26, 2021 shooting incident.

2. Grant such further relief as this Court deems just and proper.

COMPLAINT FOR DECLARATORY RELIEF – 9

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020

DATED this 11th day of February, 2025.

    <u>s/ Jeffrey D. Laveson</u>
Jeffrey D. Laveson, WSBA No. 16351
Linda B. Clapham, WSBA No. 16735
*Attorneys for Plaintiff Mount Vernon Fire Insurance Company*
CARNEY BADLEY SPELLMAN, P.S.
701 Fifth Avenue, Suite 3600
Seattle, WA 98104
Phone: (206) 622-8020
Facsimile: (206) 467-8215
Laveson@carneylaw.com
Clapham@carneylaw.com

COMPLAINT FOR DECLARATORY RELIEF – 10

USL003-0059 7836174

**CARNEY BADLEY SPELLMAN, P.S.**
701 Fifth Avenue, Suite 3600
Seattle, WA 98104-7010
(206) 622-8020